# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2023

Lyle W. Cayce
Clerk

_____

No. 22-60390
Summary Calendar

_____

Maria Del Carmen Salmeron-Acosta; Fernando De Jesus Salmeron-Acosta,

*Petitioners,*

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 893 934
Agency No. A209 893 935

_____

Before Stewart, Duncan, and Wilson, *Circuit Judges.*

Per Curiam:[*]

Maria Del Carmen Salmeron-Acosta and her son, Fernando De Jesus Salmeron-Acosta, petition for review of the Board of Immigration Appeals's (BIA) decision dismissing their appeal from the Immigration Judge's (IJ)

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60390

denial of Maria's application for asylum and withholding of removal. Fernando is a derivative of his mother's application for asylum.

We review the BIA's decision and will consider the IJ's underlying decision only if it impacted the BIA's decision, as it did here. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). Findings of fact, including the denial of asylum and withholding of removal, are reviewed under the substantial evidence standard. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019). Conclusions of law are reviewed de novo. *See Sharma*, 729 F.3d at 411.

Substantial evidence supports the IJ's holding that Salmeron-Acosta's proposed particular social group (PSG) of "Salvadoran females who have been victims of rape by an older man and have suffered emotional, physical[,] and physiological hardships" is not cognizable because it is impermissibly defined by the harm. *See Gonzales-Veliz*, 938 F.3d at 232. Because Salmeron-Acosta's failure to show a cognizable PSG is dispositive of her asylum and withholding of removal claims, *see id.* at 224, the rest of her issues concerning asylum and withholding of removal need not be addressed, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Salmeron-Acosta has abandoned her arguments concerning due process and prosecutorial discretion because she inadequately briefed them. *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010); Fed. R. App. P. 28(a)(8)(A) (requiring briefs to include an argument containing "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

Accordingly, the petition for review is DENIED.

2